

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-cr-00324 |
| VS. | * | UNASSIGNED DISTRICT JUDGE |
| RYAN KEITH TAYLOR | * | MAGISTRATE JUDGE KAY |

**PRETRIAL CRIMINAL SCHEDULING ORDER**

The above-named defendant(s), having been arraigned in open court on December 28, 2017, the following orders are entered:

### I. DISCOVERY

A. On or before **January 11, 2018** the **Government** shall:

   (1) Submit to the District Judge a 404(b) statement in compliance with the attached Addendum to Pretrial Criminal Scheduling Order.

   (2) Declare whether the defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

   (3) State whether the government counsel's file or other source known to him or her indicates that any wire or oral communications have been intercepted. (*See* 18 U.S.C. §§2515-2518).

   (4) Provide to the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

   (5) State whether Jencks Act material will be provided prior to trial, and if so, when. In order to minimize disruptions at trial, the court encourages the U. S. Attorney's office to provide Jencks Act material on the Friday before trial.

   (6) Upon written request[1] filed in the record by the defendant, make the following disclosures to the defendant and make available for inspection, copying, or

---

[1] See attached request form for defendant.

photographing the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government:

- (a) Any relevant written or recorded statements made by the defendant.

- (b) That portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest in response to interrogation by a person then known by the defendant to be a government agent.

- (c) Recorded grand jury testimony of the defendant relating to the offenses charged.

- (d) The substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use the statement at trial.

- (e) The defendant's arrest and conviction record.

- (f) The general nature of any Rule 404(b) evidence the government intends to introduce at trial.

- (g) Books, papers, documents, photographs, tangible objects, buildings or places which are material to the preparation of the defense or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant.

- (h) Results or reports of physical or mental examinations and of scientific tests or experiments which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

**B.** On or before **January 11, 2018**, the **Defendant** shall:

- (1) Give written notice to the government of any intent to rely upon the defense of insanity at the time of the alleged crime, or intent to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether the defendant had the mental state required for the offense charged.

- (2) Upon written request[2] filed in the record by the government, and only in the event the defendant has requested discovery of items described in paragraphs I(A)(6)(a)-(h), above, permit the government to inspect and copy or photograph the following

---

[2] See attached request form for government.

2

items or copies thereof, or supply copies thereof that are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant;

(a) Books, papers, documents, photographs or tangible objects which the defendant intends to introduce as evidence in chief at trial.

(b) Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case that the defense intends to introduce during its case-in-chief, or that were prepared by a defense witness who will testify concerning the contents thereof.

## II. MOTIONS

A. Declination of Disclosure. If a party in good faith believes it would be detrimental to the interests of justice to make any of the disclosures required by this order, the party may file a written Declination of Disclosure with the Clerk on or before **January 11, 2018** with a copy to opposing counsel and the Magistrate Judge, specifying which disclosures are declined and the legal authorities for such declination.

An opposing party may challenge a Declination of Disclosure by filing a Motion to Challenge Declination, accompanied by a supporting memorandum and, if appropriate, affidavits, within five days of the opposing party's filing of the Declination of Disclosure. IF NO CHALLENGE IS FILED AS REQUIRED UNDER THIS PARAGRAPH, THE COURT WILL PRESUME THE ISSUE IS MOOT OR THE RIGHT TO DISCOVERY HAS BEEN WAIVED.

B. All other motions shall be filed on or before **January 18, 2018.** Responses shall be filed in accordance with Uniform Local Rule 7.5W, except that the responses must be filed within five (5) days after service of the motion.

C. Review of Motions: The Court will conduct a preliminary review of motions filed and thereafter notify counsel whether a hearing will be held and, if so, on what date. Redundant motions for disclosure of matters already ordered herein will require no response by the opposing party AND NO RULING WILL BE MADE BY THE COURT. Such boilerplate or redundant motions may invite sanctions.

D. Motions to Suppress: All motions to suppress shall conform to the requirements described in the attached Addendum to Pretrial Criminal Scheduling Order.

## III. CONTINUING OBLIGATIONS

Counsel have a duty immediately to provide opposing counsel with any newly discovered information or other material within the scope of this order. *See also* FED. R. CRIM. P. 16.

## IV. **CONFERENCE SCHEDULE**

The parties are scheduled for a telephone conference before Magistrate Judge Kay on **February 6, 2018 at 10:00 a.m.** Counsel must be prepared to discuss at conference the anticipated length and complexity of trial, after which a trial date will be fixed. Any discovery issues pending at that time may be addressed.

Signed at Lake Charles, Louisiana on this 28th day of December 2017.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-cr-00324 |
| VS. | * | UNASSIGNED DISTRICT JUDGE |
| RYAN KEITH TAYLOR | * | MAGISTRATE JUDGE KAY |

### DEFENDANT'S REQUEST FOR DISCOVERY

_____, defendant herein, hereby requests that the United States disclose all matters listed in Paragraph I(A)(6) of the Pretrial Criminal Scheduling Order, including sub-paragraphs (a) through (h).


_____     _____
Date                                                                   Counsel for Defendant


Original to be filed with the Clerk of Court
Copy to be delivered to AUSA prosecuting the case

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 17-cr-00324** |
| **VS.** | * | **UNASSIGNED DISTRICT JUDGE** |
| **RYAN KEITH TAYLOR** | * | **MAGISTRATE JUDGE KAY** |

## UNITED STATES' REQUEST FOR DISCOVERY

The United States of America hereby requests that the defendant disclose all matters listed in Paragraph I(B)(2) of the Pretrial Criminal Scheduling Order, including sub-paragraphs (a) and (b).

_____        _____
Date                                                   Counsel for United States

Original to be filed with Clerk of Court
Copy to be delivered to counsel for defendant

UNITED STATES DISTRICE COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

ADDENDUM TO PRETRIAL CRIMINAL SCHEDULING ORDER

Federal Rule 404(b) Material

Upon notification to defense counsel that it intends to use Fed. R. Evid. 404(b) material, and prior to its introduction at trial, the United States shall submit to the presiding judge, in chambers, the information intended to be used, the name of the witness through whom this testimony will be introduced, the specific evidence it plans to introduce, the factual basis for the evidence, the specific issue (motive, intent, etc.) to which this evidence is relevant, its need for the evidence, and all relevant case law. A blanket statement that the evidence is to bear on "motive, intent, etc." will not be sufficient. Counsel shall note the particular issue to which the evidence will bear. This submission need not be filed with the Clerk of Court or submitted to defense counsel.

If the defendant files a motion in limine to prohibit the use of such evidence, said motion shall be filed no later than fourteen (14) days prior to trial, except for good cause shown. A pretrial hearing to determine the admissibility of the 404(b) material will be fixed at that time.

If the United States fails to so notify the Court, the witness and/or the evidence may be excluded from use at trial.

Motions to Suppress

The law in this circuit provides that a "motion to suppress must in every critical respect be sufficiently definite, specific, detailed and non-conjectural to enable the Court to conclude that a substantial claim is presented ... In short, the motion must allege facts which, if proven, would

provide the basis for relief." *United States v. Richardson*, 764 F.2d 1514, 1527 (5th Cir.1985), and cases cited therein. Furthermore, under Fed.R.Crim.P. 41(e), an evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of face. *United States v. Harrelson*, 705 F.2d 733 (5th Cir.1983). In order to enable this Court to accurately determine when an evidentiary hearing is warranted, defense counsel shall submit memoranda in support of motions to suppress in the following format:

Each memorandum of law shall be composed of five parts, including:

1. A statement of the issues(s) presented;

2. A statement of facts;
    (Counsel shall not include legal conclusion in the statements of fact. For example, statements of fact should not include statements that a search was unconstitutional or that probable cause did not exist to support an arrest, etc.);

3. A statement identifying the specific factual disputes which justify an evidentiary hearing under Fed.R.Crim.P. 41(3);

4. A list of pertinent United States Supreme Court and/or federal appellate citations of authority, which support the defendant's motion; and

5. Argument and conclusion.