1

```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF LOUISIANA
                             LAKE CHARLES DIVISION


UNITED STATES OF AMERICA,      ) CRIMINAL ACTION NO. 2:17-00324
                               )
                Plaintiff,     )
                               )
            vs.                ) JUDGE ZAINEY
                               )
RYAN KEITH TAYLOR,             )
                               )
                Defendant.     ) MAGISTRATE JUDGE KAY


                         CHANGE OF PLEA HEARING

             Transcript of Proceedings before The Honorable

      Jay C. Zainey, United States District Judge,

      Lafayette, Lafayette Parish, Louisiana, commencing

      on June 11, 2018.

Appearances of Counsel:

      For the Government:        DANIEL J. McCOY, AUSA
                                  U. S. Attorney's Office
                                  800 Lafayette St., Ste. 2200
                                  Lafayette, LA 70501

      For the Defendant:         WAYNE J. BLANCHARD, AFPD
                                  Federal Public Defender's Office
                                  102 Versailles Blvd., Ste. 816
                                  Lafayette, LA 70501


      ***************************************************

                      Cathleen E. Marquardt, RMR, CRR
                      Federal Official Court Reporter
                          Post Office Box 5056
                        Lafayette, Louisiana 70502
                         Phone:  (337) 593-5223
```

```
 1              (Lafayette, Lafayette Parish, Louisiana; June 11, 2018,
 2   in open court.)
 3              THE COURT:  Mr. Blanchard, what would you like handled
 4   next since you are here?
 5              MR. BLANCHARD:  I think it's Mr. Ryan Taylor, Your
 6   Honor.
 7              MR. McCOY:  Ryan Keith Taylor, Your Honor.  Daniel
 8   McCoy for the United States.  It's Criminal Number 2:17-cr-00324,
 9   in the matter before you for a change of plea.
10              THE COURT:  Right.  Where is Mr. Taylor?
11              MR. BLANCHARD:  They are bringing him up right now,
12   Your Honor.
13              THE COURT:  Okay.  Thank you.
14                        (Brief pause.)
15              THE COURT:  All right.  This matter of the United
16   States versus Ryan Keith Taylor, 17-cr-324.  This matter was set
17   for trial this morning, actually.
18              I understand, Mr. Taylor, that this matter is now set
19   for a change of plea?
20              THE DEFENDANT:  Yes, Your Honor.
21              THE COURT:  Counsel, would you identify yourself for
22   the record again, please.
23              MR. McCOY:  Good morning, Your Honor.  Daniel McCoy on
24   behalf of the United States.
25              MR. BLANCHARD:  Wayne Blanchard for Ryan Keith Taylor,
```

1   Your Honor, and this is Mr. Taylor right to Your Honor's left.
2           THE COURT:  Thank you.
3           Are you Ryan Keith Taylor as named in the indictment?
4           THE DEFENDANT:  Yes, Your Honor.
5           THE COURT:  All right, sir.  The answers to my
6   questions must be given under oath.  I'm going to ask that you
7   raise your right hand to the extent that you can and you'll be
8   sworn in.
9           COURTROOM DEPUTY:  Do you solemnly swear that the
10  testimony you will give in this case will be the truth, the whole
11  truth, and nothing but the truth, so help you God?
12          THE DEFENDANT:  Yes, ma'am.
13          THE COURT:  Mr. Taylor, have you and your lawyer
14  received a copy of the indictment?
15          THE DEFENDANT:  Yes, Your Honor.
16          THE COURT:  Sir, I've been advised that you wish to
17  plead guilty to Count 1 of this one-count indictment.  Is that
18  correct, sir?
19          THE DEFENDANT:  Yes, Your Honor.
20          THE COURT:  Mr. Taylor, sir, before accepting your plea
21  of guilty, I'm required to ask you certain questions.  If at any
22  time you do not understand any of my questions, please ask me to
23  repeat myself.  I'd be more than happy to do so.
24          Sir, if at any time you'd like to stop the proceedings
25  so that you can step aside and ask your lawyer any questions in

```
 1   private, just let me know and I'll give you every opportunity to
 2   do that as well.  Do you understand that, sir?
 3               THE DEFENDANT:  Yes, Your Honor.
 4               THE COURT:  Sir, I have a number of documents in front
 5   of me.  I'm going to ask that you identify these documents.
 6               First I have a copy of the indictment, sir, which is a
 7   two-page charge against you.  Have you read the indictment with
 8   your lawyer?
 9               THE DEFENDANT:  Yes, Your Honor.
10               THE COURT:  Do you have any questions at all about
11   anything contained in this indictment?
12               THE DEFENDANT:  I do not, Your Honor.
13               THE COURT:  All right, sir.  We'll go through that in a
14   minute.  The next document I have is the Understanding of Maximum
15   Penalty and Constitutional Rights.  This is a three-page
16   document.
17               Sir, on the last page of this document is the signature
18   of the Assistant United States Attorney, signed by Mr. Daniel J.
19   McCoy; a signature of your attorney, Wayne Blanchard; and sir,
20   there is a signature above the typewritten name, Ryan Keith
21   Taylor.  Is this your signature, sir?
22               THE DEFENDANT:  Yes, Your Honor.
23               THE COURT:  And I note that this was signed on May the
24   2nd, 2018; is that correct, sir?
25               THE DEFENDANT:  Yes, Your Honor.
```

```
1          THE COURT:  All right, sir.  And was this document
2    explained to you by your lawyer?
3          THE DEFENDANT:  Yes, Your Honor.
4          THE COURT:  All right, sir.  Do you have any questions
5    at all about anything contained in this document?
6          THE DEFENDANT:  I do not, Your Honor.
7          THE COURT:  All right.  The next document I have before
8    me is a three-page document entitled Elements of the Offense.
9          On the third page of this document, sir, is the
10   signature of Assistant United States Attorney, Daniel J. McCoy;
11   the signature of your attorney, Wayne Blanchard; and sir, there
12   is a signature above the typewritten name, Ryan Keith Taylor,
13   Defendant.  Is this your signature, sir?
14         THE DEFENDANT:  Yes, Your Honor.
15         THE COURT:  And this document contains the elements of
16   the offense of the charges to which I understand you intend to
17   plead guilty; is that correct, sir?
18         THE DEFENDANT:  Yes, Your Honor.
19         THE COURT:  Have you read this document?
20         THE DEFENDANT:  I have, Your Honor.
21         THE COURT:  Do you agree the government can prove
22   against you what's contained in this document beyond a reasonable
23   doubt?
24         THE DEFENDANT:  Can you say it again, sir?
25         THE COURT:  Do you agree that the government can prove
```

```
 1   these elements of offense that are contained in this three-page
 2   document?
 3             THE DEFENDANT:  Yes, Your Honor.
 4             THE COURT:  And you feel -- and you agree that the
 5   government can prove these elements of the offense against you
 6   beyond a reasonable doubt?
 7             THE DEFENDANT:  Yes, Your Honor.
 8             THE COURT:  All right, sir.  We'll go through the other
 9   documents in a minute.
10             Sir, you have the right to be represented by counsel
11   either of your choice or appointed at every stage of these
12   proceedings, and the Court will appoint counsel if you cannot
13   afford one.  Do you understand that, sir?
14             THE DEFENDANT:  Yes, Your Honor.
15             THE COURT:  Sir, do you understand that all answers
16   given under oath in open court if not truthful may later be used
17   as a basis for perjury or false statement prosecution?
18             Do you understand that, sir?
19             THE DEFENDANT:  Yes, Your Honor.
20             THE COURT:  How old are you, Mr. Taylor?
21             THE DEFENDANT:  I'm 24 years old.
22             THE COURT:  How much education do you have?
23             THE DEFENDANT:  Say it again, Your Honor.
24             THE COURT:  How much education do you have?
25             THE DEFENDANT:  I graduated high school, Your Honor.
```

7

1    THE COURT: Were you regular education or special
2 education?
3    THE DEFENDANT: Regular education, Your Honor.
4    THE COURT: All right, sir. Are you able to read,
5 write, speak, and understand the English language?
6    THE DEFENDANT: Yes, Your Honor.
7    THE COURT: Sir, have you taken any narcotic drugs,
8 medicine or pills or have you drunk any alcoholic beverages
9 within the past 24 hours?
10   THE DEFENDANT: No, Your Honor.
11   THE COURT: Mr. Blanchard, sir, do you have any doubt
12 as to your client's competence to plead guilty at this time?
13   MR. BLANCHARD: None whatsoever, Your Honor. I've met
14 with Mr. Taylor on multiple occasions.
15   THE COURT: All right, sir. Thank you.
16   Sir, are you satisfied with the services of your
17 attorney?
18   THE DEFENDANT: Yes, Your Honor.
19   THE COURT: Okay. I will tell you we've had a number
20 of conferences on this case, and you are very fortunate to have
21 Mr. Blanchard as your attorney. He's up on everything. I know
22 he's done his adequate research and background information that
23 he's obtained through his own independent investigation, as well
24 as information he's received from the United States Attorney's
25 Office.

```
 1              And you've had your opportunity to speak with him as
 2   well?
 3              THE DEFENDANT:  Yes, Your Honor.
 4              THE COURT:  And you've had the opportunity to explain
 5   any defenses that you might have with Mr. Blanchard?
 6              THE DEFENDANT:  We've discussed quite a bit, Your
 7   Honor, and I'm satisfied, Your Honor.
 8              THE COURT:  You've discussed part of it?
 9              MR. BLANCHARD:  Quite a bit.
10              THE DEFENDANT:  Quite a bit, Your Honor.
11              THE COURT:  Quite a bit.  Okay.  You've had chance to
12   speak completely with Mr. Blanchard about your case?
13              THE DEFENDANT:  Yes, Your Honor.
14              THE COURT:  All right.  And you've been able to explain
15   to him any possible defenses that you might have in your case?
16              THE DEFENDANT:  Yes, Your Honor.
17              THE COURT:  All right.  Sir, have you read the
18   indictment against you?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  Do you wish for it to be read to you again
21   in open court, sir, or do you waive the reading of the
22   indictment?
23              THE DEFENDANT:  I waive reading, Your Honor.
24              THE COURT:  Sir, do you understand that you have the
25   right to persist in your previous plea of not guilty?  What this
```

1  means, Mr. Taylor, is you previously went before a United States
2  magistrate judge.  You entered a plea of not guilty.  You can
3  persist with that not guilty plea and go to trial and require the
4  government to prove you guilty beyond a reasonable doubt, or you
5  can change your previous plea of not guilty to guilty which is
6  what I see you plan to do today.  Is that correct, sir?
7          THE DEFENDANT:  Yes, Your Honor.
8          THE COURT:  Mr. Taylor, sir, do you understand that, if
9  I accept your plea of guilty, you will not be entitled to a trial
10 of any kind and the government would not be required to prove
11 that you are guilty?  Do you understand that, sir?
12         THE DEFENDANT:  Yes, Your Honor.
13         THE COURT:  Sir, do you understand that by pleading
14 guilty you are giving up your right to a trial by jury of 12
15 persons who must reach a unanimous verdict which you are entitled
16 to under the Constitution and laws of the United States?
17         Do you understand that, Mr. Taylor?
18         THE DEFENDANT:  Yes, Your Honor.
19         THE COURT:  Sir, do you also understand that, if you
20 enter a plea of not guilty, you have a right to be represented by
21 counsel, either appointed or retained?  You have a right
22 thereafter, sir, to remain silent.  In other words, no one can
23 force you to testify against yourself.
24         Do you understand that, Mr. Taylor?
25         THE DEFENDANT:  Yes, Your Honor.

1   THE COURT:  Sir, do you also understand that you do
2 have a right to a trial by jury of 12 persons which must reach a
3 unanimous verdict?  Do you understand that, sir?
4   THE DEFENDANT:  Yes, Your Honor.
5   THE COURT:  Sir, do you also understand that at the
6 trial the government would be required to confront you with
7 witnesses upon whose testimony it relies to obtain a conviction?
8 You have the right through your lawyer to cross-examine those
9 witnesses.  Do you understand that, Mr. Taylor?
10   THE DEFENDANT:  Yes, Your Honor.
11   THE COURT:  Sir, do you also understand that at the
12 trial you'd be presumed innocent until such time, if ever, the
13 government overcame that presumption and established your guilt
14 by competent evidence beyond a reasonable doubt?  Do you
15 understand that, sir?
16   THE DEFENDANT:  Yes, Your Honor.
17   THE COURT:  Also, Mr. Taylor, sir, do you understand
18 that for the trial you'd be entitled to compulsory process to
19 call witnesses?  What this means, sir, is that your lawyer can
20 subpoena witnesses and actually order that they come to court.
21   Do you understand that, sir?
22   THE DEFENDANT:  Yes, Your Honor.
23   THE COURT:  Mr. Taylor, sir, do you also understand
24 that you do have the right to testify in your own behalf if you
25 choose to?  However, sir, if you choose to not testify, no one

1  can force you to testify nor to incriminate yourself in any way.
2              Do you understand that, sir?
3              THE DEFENDANT:  Yes, Your Honor.
4              THE COURT:  Mr. Taylor, do you understand, sir, that,
5  if you are found guilty in a trial by a jury, or by the Court if
6  you were to waive trial by jury, you do have the right to appeal
7  your conviction to the United States Fifth Circuit Court of
8  Appeals?  Do you understand that, sir?
9              THE DEFENDANT:  Yes, Your Honor.
10             THE COURT:  Sir, do you also understand that, if you
11 cannot afford the services of a lawyer to represent you for your
12 appeal, or you cannot afford the other costs associated with your
13 appeal, I will allow you to proceed without payment of any costs
14 whatsoever, and I would appoint counsel to represent you for your
15 appeal?  Do you understand that, sir?
16             THE DEFENDANT:  Yes, Your Honor.
17             THE COURT:  Mr. Taylor, sir, if you plead guilty and I
18 accept your plea that you will waive your right to a trial and
19 the other rights that I've just discussed; that there will be no
20 further trial, and I'll simply enter a judgment of guilty and
21 sentence you on the basis of your guilty plea.
22             Do you understand that, sir?
23             THE DEFENDANT:  Yes, Your Honor.
24             THE COURT:  Mr. Taylor, sir, are you willing to waive
25 and give up your right to a trial?

```
1                 THE DEFENDANT:  Yes, Your Honor.
2                 THE COURT:  Sir, have you discussed with your lawyer
3    the charges in the indictment to which you intend to plead
4    guilty?
5                 THE DEFENDANT:  I have, Your Honor.
6                 THE COURT:  As I understand it, sir, from on or about
7    April the 12th, 2017, in the Western District of Louisiana within
8    the special maritime and territorial jurisdiction of the United
9    States, you did and did attempt to knowingly develop, produce,
10   possess, and use a chemical weapon, chlorine gas, which is a
11   toxic chemical not intended or used by you for a peaceful or
12   otherwise lawful purpose, which is in violation of the law.
13                Sir, is this your understanding of the charges against
14   you?
15                THE DEFENDANT:  Yes, Your Honor.
16                THE COURT:  And again, Mr. Blanchard, I might have
17   asked this before, but let me ask it again.  Does your client
18   wish for me to read the entire indictment, or does he waive the
19   reading of the indictment?
20                MR. BLANCHARD:  He waives the reading, Your Honor.
21                THE COURT:  All right, sir.
22                Mr. Taylor, before we proceed any further, do you have
23   any questions that you'd like to ask your lawyer in private?
24                THE DEFENDANT:  No, Your Honor.
25                THE COURT:  Sir, do you have any questions you'd like
```

1   to ask the prosecutor?
2           THE DEFENDANT:  No, Your Honor.
3           THE COURT:  Do you have any questions that you'd like
4   to ask me?
5           THE DEFENDANT:  No, Your Honor.
6           THE COURT:  Sir, did you in fact do the acts charged in
7   the indictment that I have just explained to you?
8           THE DEFENDANT:  Yes, Your Honor.
9           THE COURT:  Sir, if you are convicted on that charge,
10  either upon a plea of guilty or after a trial, the maximum
11  possible sentence that can be imposed upon you, sir, is a term of
12  life imprisonment, a fine of $250,000, a term of supervised
13  release of at least five years, with a mandatory special
14  assessment of $100.  Do you understand that, sir?
15          THE DEFENDANT:  I understand, Your Honor.
16          THE COURT:  And I did show you previously, sir, that
17  document that you signed confirming that that was the amount of
18  the maximum penalty and your constitutional rights; is that
19  correct, sir?
20          THE DEFENDANT:  Yes, Your Honor.
21          THE COURT:  All right, sir.  Now, sir, I stated to you
22  that there is a term of supervised release involved.  If the
23  Court finds that, during your term of supervised release, you
24  violate the conditions imposed by the Court, your supervised
25  release may be terminated and you may be returned to prison.

|   |   |
|---|---|
| 1 | Do you understand that, sir? |
| 2 | THE DEFENDANT: Yes, Your Honor. |
| 3 | THE COURT: Sir, do you understand that I could impose |
| 4 | the maximum possible sentence and fine on the charge to which you |
| 5 | are seeking to plead guilty. Do you understand that, sir? |
| 6 | THE DEFENDANT: I understand, Your Honor. |
| 7 | THE COURT: Mr. Taylor, sir, have the Sentencing |
| 8 | Guidelines applicable to your case been explained to you by your |
| 9 | lawyer? |
| 10 | THE DEFENDANT: Yes, Your Honor. |
| 11 | THE COURT: Do you understand, sir, that those |
| 12 | guidelines are not mandatory on the Court; they are advisory. |
| 13 | What my job is to impose a sentence on you that is reasonable |
| 14 | under the law after I take the guidelines into consideration. |
| 15 | Do you understand that, sir? |
| 16 | THE DEFENDANT: Yes, Your Honor. |
| 17 | THE COURT: In other words, Mr. Taylor, do you |
| 18 | understand that I may or may not decide to sentence you within |
| 19 | those guidelines? |
| 20 | THE DEFENDANT: Yes, Your Honor. |
| 21 | THE COURT: Sir, do you also understand that I can |
| 22 | decide to impose a sentence on you that is greater or lesser than |
| 23 | your guidelines if I find that the guidelines do not take into |
| 24 | consideration other relevant facts concerning you or the crime to |
| 25 | which you are seeking to plead guilty? |

1               Do you understand that, sir?
2               THE DEFENDANT:  Yes, Your Honor.
3               THE COURT:  Before I proceed any further, do you have
4    any questions that you'd like to ask Mr. Blanchard in private?
5               THE DEFENDANT:  No, Your Honor.
6               THE COURT:  Sir, how do you wish to plead, guilty or
7    not guilty?
8               THE DEFENDANT:  I will plead guilty, Your Honor.
9               THE COURT:  Sir, you are pleading guilty because you
10   are in fact guilty of the crime charged?
11              THE DEFENDANT:  Yes, Your Honor.
12              THE COURT:  Sir, I understand that you've entered into
13   a plea agreement with the government.  Is that correct, sir?
14              THE DEFENDANT:  Yes, Your Honor.
15              THE COURT:  Sir, the first document I have before me is
16   a six-page document entitled United States of America versus Ryan
17   Keith Taylor.  On the fifth page of this document is the
18   signature of your attorney, Wayne Blanchard.  On the sixth page
19   of this document is the signature of Assistant United States
20   Attorney, Daniel J. McCoy, and sir, there is a signature above
21   the typewritten name, Ryan Keith Taylor, Defendant.
22              Is this your signature, sir?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  Have you reviewed this document with your
25   lawyer?

1      THE DEFENDANT:  I have, Your Honor.
2      THE COURT:  I also note another document, sir, called an addendum to the plea agreement.  On the last page of this document, sir, is the signature of your attorney, Wayne Blanchard, and there is a signature above the typewritten name, Ryan Keith Taylor.  Is this your signature, sir?
7      THE DEFENDANT:  Yes, Your Honor.
8      THE COURT:  And on the last page of this document, sir, is a signature of Assistant United States Attorney, Daniel J. McCoy.  Is that correct, sir?
11     THE DEFENDANT:  Yes, Your Honor.
12     THE COURT:  All right.  Is it the practice of the Western District to place this document under seal?
14     MR. McCOY:  Yes, Your Honor.
15     THE COURT:  All right.  So do you have any questions at all about anything contained in either the plea agreement or the addendum to the plea agreement?
18     MR. McCOY:  And Your Honor, let me clarify.  It's the practice that the addendum is filed under seal.
20     THE COURT:  Right.  Only, right.
21     All right, sir.  And counsel for the defendant and government, do you both agree that what is contained in the plea agreement is the total plea agreement between defendant and government?
25     MR. McCOY:  Yes, Your Honor, we do.

17

1            MR. BLANCHARD:  I do, Your Honor.
2            THE COURT:  And sir, these documents that I've just
3  identified and shown you your signature on, do these documents
4  correctly state the agreement between you and the government?
5            THE DEFENDANT:  Yes, Your Honor.
6            THE COURT:  All right, sir.  We're going to file these
7  into the record.  We're going to place the addendum to the plea
8  agreement under seal, please.
9            Sir, has anyone made any promise that has induced you
10 to plead guilty?
11           MR. BLANCHARD:  Has anyone made any promise that's
12 caused you to plead guilty, and has anyone said, if you plead
13 guilty, we're going to pay you or we're going to do this for you
14 or that for you?
15           THE DEFENDANT:  No, Your Honor.
16           THE COURT:  Has anybody threatened you or forced you to
17 plead guilty?
18           THE DEFENDANT:  No, Your Honor.
19           THE COURT:  So has anybody told you that, if you do not
20 plead guilty, further charges will be brought against you or
21 other adverse action will be taken against you?
22           THE DEFENDANT:  No, Your Honor.
23           THE COURT:  Has anybody made any other commitments to
24 you, sir, that are not included in the plea agreement?
25           THE DEFENDANT:  No, Your Honor.

1        THE COURT: So has anyone connected with the
2  government, anyone connected with any law enforcement agency, or
3  anyone else at any time made any promise to you as to what your
4  sentence will be?
5        THE DEFENDANT: No, Your Honor.
6        THE COURT: Sir, I also have before me a document
7  entitled, United States of America versus Ryan Keith Taylor,
8  Stipulated Factual Basis for the Guilty Plea. Sir, this is a
9  10-page document. On the last page of this document is the
10 signature of Assistant United States Attorney, Daniel McCoy, the
11 signature of your attorney, Wayne Blanchard, and sir, there is a
12 signature above the typewritten name, Ryan Keith Taylor.
13        Is this your signature, sir?
14        THE DEFENDANT: Yes, Your Honor.
15        THE COURT: Have you reviewed this document with your
16 lawyer?
17        THE DEFENDANT: I have, Your Honor.
18        THE COURT: Do you agree, sir, that what is contained
19 in this document is true and correct?
20        THE DEFENDANT: Yes, Your Honor.
21        THE COURT: Do you agree, sir, that the government can
22 prove what is contained in this document against you beyond a
23 reasonable doubt?
24        THE DEFENDANT: Yes, Your Honor.
25        THE COURT: And do you agree to the facts of this

1  document that you in fact committed the acts contained in this
2  document?
3             THE DEFENDANT:  Yes, Your Honor.
4             THE COURT:  Okay.  We'll file this into the record.
5             Sir, do you understand that a plea of guilty is more
6  than a confession which admits that the accused did various acts.
7  It is itself a conviction and nothing remains but to give
8  judgment to determine punishment.  Do you understand that, sir?
9             THE DEFENDANT:  Yes, Your Honor.
10            THE COURT:  Before we conclude this matter, do you have
11 any questions that you'd like to ask Mr. Blanchard in private?
12            THE DEFENDANT:  I do not, Your Honor.
13            THE COURT:  Mr. Taylor, sir, knowing of all the rights
14 that I have advised you, sir, and those rights that you are
15 waiving, again, sir, how do you wish to plead, guilty or not
16 guilty?
17            THE DEFENDANT:  I wish to plead guilty, Your Honor.
18            THE COURT:  Because I find that the plea is
19 knowledgeable, voluntary, and has a basis in fact that contains
20 all the elements of the crime, I will accept your guilty plea and
21 accompanying plea agreement and enter a judgment of guilty on
22 your plea.
23            Mr. Taylor, I'm going to order a Presentence
24 Investigation Report.  I urge you, sir, to cooperate with the
25 Probation Office in furnishing information for that report since

1  the report will be important in my decision as to what your
2  sentence will be.
3          On the date of your sentencing, sir, you, your lawyer,
4  and the government will have an opportunity to make objections to
5  the report, if you have any objections, and to provide me with
6  further information that you want me to consider in determining
7  what your sentence should be.
8          Sir, your sentencing will take place on Wednesday,
9  September the 12th, 2018, at 10:30 a.m.
10         Anything further at this time, Mr. McCoy?
11         MR. McCOY:  Yes, there is, Your Honor.  At this time I
12 believe -- the government moves, and I believe it will be a joint
13 motion, to continue the trial in Criminal Number 2:17-cr-00230
14 until September 13th of 2018, in accordance with the plea
15 agreement.
16         THE COURT:  Very good.
17         Is that correct, Mr. Blanchard?
18         MR. BLANCHARD:  Yes, it is, Your Honor.
19         THE COURT:  All right.  Thank you very much, sir.
20         Good luck to you, sir.  We'll see you in September.
21              (Hearing concluded.)
22                    **C E R T I F I C A T E**
23    I, Cathleen E. Marquardt, RMR, CRR, Federal Official Court
   Reporter, do hereby certify this 14th day of November, 2018, that
24 the foregoing pages 1-20 constitute a true transcript of
   proceedings had in the above-entitled matter.
25             ***/s/ Cathleen E. Marquardt***
              Federal Official Court Reporter